IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| COUCH ENTERPRISES, LP | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0538-M-BD |
| | § | |
| BRAD RAZA AND ALL OTHER OCCUPANTS | § | |
| | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Couch Enterprises, LP has filed a motion to remand this forcible detainer action to Texas state court. As grounds for its motion, plaintiff contends that defendant has no right to remove this case based on federal diversity jurisdiction because the parties are not diverse and the amount in controversy does not exceed $75,000, exclusive of interest and costs. Defendant was ordered to file a response to the motion by April 15, 2011, but failed to do so. The court therefore decides the motion without a response.

In order to establish removal jurisdiction on the basis of diversity of citizenship, defendant must show that the parties are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Where, as here, one party is a Texas limited partnership, the court must consider the citizenship of the limited partners for purposes of determining diversity jurisdiction. *See Harvey Constr. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 304 (5th Cir. 1994), *citing Carden v. Arkoma Assoc.*, 494 U.S. 185, 187-96, 110 S.Ct. 1015, 1017-21, 108 L.Ed.2d 157 (1990). Plaintiff has filed a corporate disclosure statement showing that Juanita Couch, a Texas citizen, is the sole limited partner of Couch

Enterprises, L.P. (*See* Doc. #6). Defendant is also a citizen of Texas. Therefore, complete diversity does not exist.

Nor has defendant shown that the amount in controversy exceeds $75,000, exclusive of interest and costs. In a forcible detainer action removed from state court to federal court, "the amount in controversy is not the value of the property itself but the value of the right to occupy the [p]roperty." *U.S. Bank National Ass'n v. Rudd*, No. 3-10-CV-2440-L, 2011 WL 539120 at *4 (N.D. Tex. Feb. 7, 2011). That the subject property has a fair market value of $121,790, as alleged by defendant in his notice of removal, is not relevant to determining the amount in controversy for jurisdictional purposes.

## RECOMMENDATION

Plaintiff's motion to remand [Doc. #5] should be granted. This case should be remanded to the County Court at Law No. 1 of Dallas County, Texas.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 22, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE